CATHERINE SULLIVAN, as Administratrix of the Goods, Chattels and Credits Which Were of DENNIS F. SULLIVAN, Plaintiff, v. BOOTH & FLINN, LTD., Defendant.

Supreme Court, Kings Special Term, January, 1924.

Negligence — action for death of plaintiff's intestate, employee of defendant, who died from injuries suffered while working on tunnel under Hudson river connecting New York and New Jersey — federal control of commerce and navigation does not extend to land under water — when remedy for death of intestate is under Workmen's Compensation Law.

Defendant had a contract for the construction of a tunnel under the Hudson river connecting the states of New York and New Jersey. Plaintiff's intestate, an employee of defendant, while working on the tunnel at a point between the bulkhead line on the New York side and the middle of the river, at a time when the construction of the tunnel had just begun, came to his death through the alleged negligence of the defendant. Upon directing judgment for a dismissal of the complaint, held, that while the federal government had the constitutional power to regulate commerce and navigation over the waters of the river at the point in question, it had no other or further control of the land under water.

The plaintiff's intestate, as he was engaged in construction work, would come within group 3 of the Workmen's Compensation Law, and within group 13 of said statute as he was engaged in subaqueous construction work, and also in group 14 as he was working in a caisson.

MOTION to dismiss complaint and for judgment on pleadings.

*Frank X. Sullivan* (*Theodore H. Lord*, of counsel), for plaintiff.

*Edward M. Grout* and *Paul Grout* (*Charles B. La Voe*, of counsel), for defendant.

CALLAGHAN, J. The plaintiff seeks to sustain this complaint upon two theories: (1) That the plaintiff's intestate was at the time of the accident which resulted in his death at work in "interstate territory solely under the jurisdiction of the Federal Government" and, therefore, the provisions of the Workmen's Compensation Law do not apply, and (2) that he was engaged in interstate commerce at the time of the accident and, therefore, the Federal Employees' Liability Act and not the Workmen's Compensation Law of the state of New York applies.

The defendant had a contract for the construction of the tunnel connecting the states of New York and New Jersey under the

Hudson river. The decedent was employed by the defendant in the construction of that tunnel and while so employed he met his death through the alleged negligence of the defendant, while working on the tunnel at a point between the bulkhead line on the New York side of the Hudson river and the middle of the stream.

The land under water between the bulkhead line on the New York side of the Hudson river and the bulkhead line on the New Jersey side of that river is not "interstate territory solely under the jurisdiction of the Federal Government." The federal government has power under the provision of the Constitution (Art. 1, § 8) to regulate commerce and navigation over the waters of the Hudson river at the point in question as it is there navigable water, but it has no other or further control over the land under water. By agreement between the states of New York and New Jersey, represented by properly constituted commissioners, the boundary line was fixed as the middle of the river and that agreement was sanctioned by the legislature of each state and by the congress of the United States. 23d Congress, 1st Session, chap. 126.* The case of *People* v. *Hudson River Connecting R. R. Corp.*, 228 N. Y. 203, does not aid the plaintiff. That case is authority only for the proposition that a statute of the state of New York passed for the purpose of imposing upon the defendant the duty of constructing a particular kind of bridge, offends the provisions of section 8, article 1 of the Federal Constitution, which places in the congress the power to regulate commerce and navigation. It was not there held that the land under water was solely under the control of the federal government for all purposes.

At the time of the accident in question the construction of the tunnel had just been begun, and if it be conceded that the tunnel was to be used when finished as an agency for interstate commerce, the decedent could not be said to be engaged in carrying on interstate commerce at the time of the accident. His status was exactly the same as one engaged in building a railroad or constructing a bridge to be used when completed in interstate commerce. *Jackson* v. *Chicago, M. & St. P. Ry. Co.*, 210 Fed. Rep. 495; *Bravis* v. *Chicago, M. & St. P. Ry. Co.*, 217 id. 234. Both could be used as an agency for carrying on interstate commerce when completed, but an employee engaged in constructing the agency is too remotely connected with the act of carrying on such commerce as to hold that he would under the assumed cases be so engaged.

---

* 4 U. S. Stat. at Large, 708.   See, also, State Law, § 7; Consol. Laws, chap. 57; Laws of 1909, chap. 59.

The test to be applied is, does the Workmen's Compensation Law apply here? If so, there is no cause of action, either under the common law or the Federal Liability Act. The decedent it seems would come within group 3 of the Workmen's Compensation Act, as he was engaged on construction work, and within group 13, as he was engaged in subaqueous construction work, and also in group 14, as he was working in a caisson. There must be judgment for defendant on the complaint.

Judgment accordingly.